**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Fabiola Pagan**

Case No.: **17-22056**
Judge: **JKS**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

Date: **6/4/2018**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **DLS**        Initial Debtor: **F P**        Initial Co-Debtor _____

1

## Part 1: Payment and Length of Plan

    a. The debtor shall pay **375.00  Monthly** to the Chapter 13 Trustee, starting on **June 1, 2018** for approximately **49** months.

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [✓] Other sources of funding (describe source, amount and date when funds are available): **$2,185.00 already paid into Plan.**

    c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion:
- [ ] Refinance of real property:
  Description:
  Proposed date for completion:
- [✓] Loan modification with respect to mortgage encumbering property:
  Description: **82-84 Elberon Ave., Paterson, NJ 07502**
  Proposed date for completion: **Determined by Court**

    d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        ☐ NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $ **1,980.89** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **M&T Bank** (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scura, Wigfield, Heyer, Stevens, Cammarota, LLP** | **Administrative** | **Amount to be determined by further application to the Court** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [✓] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

# Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M&T Bank | 82-84 Elberon Ave. Paterson, NJ 07502 Passaic County | 99,104.71 | 0 | Arrears to be cured via loan modification | 1,980.89 - APP 60% P&I + 100% escrow |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☑ NONE

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☐ Not less than $____ to be distributed *pro rata*
   ☑ Not less than __100__ percent
   ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

4

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| **Part 9: Modification** | **NONE** |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: **7/7/2017**. | |
| Explain below **why** the plan is being modified: **To adjust the plan payment as it is 100% case and the claims came in higher than anticipated.** | Explain below **how** the plan is being modified: **Part 1a adjusted to relfect $375 a month for remaining 50 months of Plan.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☑ Yes    ☐ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    **June 4, 2018**            /s/ **David L. Stevens**
                                     **David L. Stevens 034422007 NJ**
                                     Attorney for the Debtor
Date:   **June 4, 2018**            /s/ **Fabiola Pagan**
                                     **Fabiola Pagan**
                                     Debtor
Date:   _____              _____
                                     Joint Debtor

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date    **June 4, 2018**            /s/ **David L. Stevens**
                                     **David L. Stevens 034422007 NJ**
                                     Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:   **June 4, 2018**            /s/ **Fabiola Pagan**
                                     **Fabiola Pagan**
                                     Debtor
Date:   _____              _____
                                     Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 17-22056-JKS
Fabiola Pagan                                                                   Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin            Page 1 of 2            Date Rcvd: Jun 28, 2018
                             Form ID: pdf901        Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 30, 2018.
```
db          +Fabiola Pagan,    82-84 Elberon Ave.,    Paterson, NJ 07502-2025
516878497   ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
             (address filed with court: Bk Of Amer,    Po Box 982235,    El Paso, TX 79998)
517030828   +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
516878506   ++CITIBANK,    PO BOX 790328,    ST LOUIS MO 63179-0328
             (address filed with court: Home Depot Credit Services,    PO Box 653000,
              Dallas, TX 75265-3000)
516878499   +Chase,    PO Box 15298,    Wilmington, DE 19850-5298
516878500   +Citi,    Po Box 6241,    Sioux Falls, SD 57117-6241
516878502   +Dsnb Macys,    9111 Duke Blvd,    Mason, OH 45040-8999
516878503    Eastern Account System,    PO Box 837,    Newtown, CT 06470-0837
516878505   +GEPS Physician Group Of NJ,    101 E. State St.,    Kennett Square, PA 19348-3109
516878504   +Gem Ambulance,    1750 Cedar Bridge Ave #3,    Lakewood, NJ 08701-6921
516878507   +Hunziker, Jones & Sweeney,    Wayne Interchange Plaza II,    155 Route 46 West,
              Wayne, NJ 07470-6822
516878508   +I C System Inc,    Po Box 64378,    Saint Paul, MN 55164-0378
516878509   +KML Law Group, P.C.,    701 Market St. #5000,    Philadelphia, PA 19106-1541
516878511   ++NORTH JERSEY NEPHROLOGY ASSOCIATES PA,    246 HAMBURG TURNPIKE,    SUITE 207,
              WAYNE NJ 07470-2160
             (address filed with court: North Jersey Neurologic Assoc, PA,    220 Hamburg Tpke,
              Wayne, NJ 07470)
516878512   +Omnicare Of Edison,    120 Fieldcrest Ave.,    Edison, NJ 08837-3656
516878513   +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
516878514   #+Point View Radiology Associates, P.C.,    PO Box 9132,    Brookline, MA 02446-9132
516878516   +Sears/cbna,    Po Box 6282,    Sioux Falls, SD 57117-6282
516878517   +Time Affluent Group,    1120 Ave Of The Americas,    New York, NY 10036-6700
516878518   +United Collection Bureau, Inc.,    5620 Southwyck Blvd, Ste. 206,    Toledo, OH 43614-1501
516878520   +Waterview Center,    536 Ridge Road,    Cedar Grove, NJ 07009-1669
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jun 28 2018 23:57:42     U.S. Attorney,   970 Broad St.,
              Room 502,   Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 28 2018 23:57:40     United States Trustee,
              Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
516996825    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 29 2018 00:04:29     Capital One, N.A.,
              PO Box 71083,   Charlotte, NC  28272-1083
516878501    E-mail/Text: mrdiscen@discover.com Jun 28 2018 23:56:57     Discoverbank,   Po Box 15316,
              Wilmington, DE 19850
516959974   +E-mail/Text: camanagement@mtb.com Jun 28 2018 23:57:20     Lakeview Loan Servicing, LLC,
              c/o M&T Bank,   P.O. Box 1288,   Buffalo, NY 14240-1288
516878510    E-mail/Text: camanagement@mtb.com Jun 28 2018 23:57:20     M & T Bank,   1 Fountain Plz,
              Buffalo, NY 14203
517090673    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2018 00:05:13
              Portfolio Recovery Associates, LLC,    c/o Sears,   POB 41067,    Norfolk VA 23541
516878515   +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2018 00:04:31
              Portfolio Recovery Ass,    120 Corporate Blvd Ste 1,    Norfolk, VA 23502-4952
516878519   +E-mail/Text: bankruptcy@ups.com Jun 28 2018 23:58:42     UPS,   55 Glenlake Pkwy NE,
              Atlanta, GA 30328-3474
                                                                                              TOTAL: 9
```

     ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
516878498*   ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
              (address filed with court: Bk Of Amer,    Po Box 982238,    El Paso, TX 79998)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-2          User: admin              Page 2 of 2              Date Rcvd: Jun 28, 2018
                              Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 27, 2018 at the address(es) listed below:
              David L. Stevens    on behalf of Debtor Fabiola  Pagan dstevens@scuramealey.com,
               ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;ascolavino@scuramealey.com;tscialla@scurameal
               ey.com
              Denise E. Carlon    on behalf of Creditor   LakeView Loan Servicing, LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor   LakeView Loan Servicing, LLC rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```