| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>SCURA, WIGFIELD, HEYER<br>STEVENS & CAMMAROTA, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Tel.: 973-696-8391<br>John J. Scura, III, Esq.<br>jscura@scura.com<br>Counsel for Debtor | **Order Filed on April 29, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>FABIOLA PAGAN,<br><br>Debtor. | Case No.: 17-22056<br><br>Chapter 13<br><br>Judge: Honorable John K. Sherwood<br><br>Hearing Date and Time:<br>April 23, 2020 at 10:00 am |

## ORDER APPROVING SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019

The relief set forth on the following page, numbered two, is hereby **ORDERED**.

**DATED: April 29, 2020**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)
Debtors: Fabiola Pagan
Case No.: 17-22056-JKS
Caption of Order: ORDER APPROVING SETTLEMENT PURSUANT TO FED. R. BANKR. P. 9019

Upon reviewing the motion of Fabiola Pagan, by and through her counsel, Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, seeking entry of an order approving the settlement between the Fabiola Pagan and the United Parcel Service, pursuant to Fed. R. Bankr. P. 9019 (the "Motion"); and the Court having consider the moving papers, exhibits, the objection thereto, if any, and the arguments of counsel, if any; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor and her estate; and good and sufficient notice of the Motion having been provided to all parties in interest as set forth in the Certification of Service filed with the Court; and good and sufficient cause having been shown,

It is hereby **ORDERED** as follows:

1. The Motion is hereby granted in its entirety.

2. Pursuant to Fed. R. Bankr. P. 9019, the Settlement Agreement, annexed to the Debtor's Certification as **Exhibit "A"**, and the transactions represented thereby are hereby approved in all respects.

3. The parties to the Settlement Agreement are hereby authorized and directed to enter into and execute any and all other documents necessary to effectuate the Settlement Agreement.

4. Special counsel shall remit payment from the settlement proceeds to the Chapter 13 Trustee (the "Trustee") in the amount of $12,280.02 as per the Balance to complete.

5. Following payment to the Trustee, and payment of special counsel's fee in the amount of $5,000 pursuant to the Settlement Agreement, special counsel shall remit the remaining net settlement proceeds to the Debtor.

6. This Court shall retain jurisdiction of this matter for the purpose of enforcing this Order or to take such other action as the Court deems necessary, consistent with the Settlement Agreement.